## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CCD HOLDINGS, LLC,

        Plaintiff,

        v.

CENERGY USA, INC., *et al.*

        Defendants.

Case No. 18-cv-02749

Judge John Robert Blakey

## <u>ORDER</u>

Plaintiff CCD Holdings, LLC sues Defendants Cenergy USA, Inc. (Cenergy), Wal-Mart Stores, Inc., and Wal-Mart.com USA, LLC for patent infringement (collectively, the Walmart Defendants). [23]. The Walmart Defendants move to dismiss pursuant to Rule 12(b)(6). [25]. Cenergy moves to dismiss pursuant to Rule 12(b)(6), as well as Rules 12(b)(2) and (3) for lack of personal jurisdiction and improper venue. [26]. For the reasons stated below, this Court grants in part Cenergy's motion [26] because venue is improper as to Cenergy in this district, and finds that the interests of justice warrant transferring this case to the Eastern District of Arkansas. This Court denies the remaining portions of Cenergy's motion without prejudice. [26]. This Court also denies the Walmart Defendants' motion [25] without prejudice.

Plaintiff is a Michigan limited liability company. [23] ¶ 1.[1] Cenergy is an Arkansas corporation with its principal place of business in Little Rock, Arkansas. *Id.* ¶ 2. Plaintiff researches, develops, and manufactures environmentally compatible and eco-friendly lignocellulosic fibrous composites. *Id.* ¶ 13. On November 25, 2014, the US Patent and Trademark Office (USPTO) issued two patents—US Patent Number 8,894,879 B2 (the 879 Patent) and US Patent Number 8,893,652 B2 (the 652 Patent) (collectively, the Patents). *Id.* ¶¶ 15–16. Plaintiff is the sole owner of both patents. *Id.* ¶ 17. Plaintiff alleges that Cenergy produces or has produced, offered for sale, and/or sold Magic-Dirt, thus infringing the Patents. *Id.* ¶¶ 20–21, 24. It also alleges that the Walmart Defendants have infringed the Patents by offering for sale and/or selling Magic-Dirt in the United States. *Id.* ¶¶ 22–23, 25–26.

---

[1] This Court takes these facts from Plaintiff's first amended complaint [21].

In part, Cenergy's motion to dismiss remains based upon improper venue. When a plaintiff files suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* Fed R. Civ. P. 12(b)(3) (a defendant may assert improper venue via motion).

In *TC Heartland LLC v. Kraft Food Group Brands LLC*, 137 S. Ct. 1514 (2017), the Supreme Court held that the patent venue statute, 28 U.S.C. § 1400(b), is the exclusive venue provision for patent infringement cases. *Id.* at 1517. Under Section 1400(b), an action for patent infringement may be brought either: (1) in the judicial district where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business. *TC Heartland*, 137 S. Ct. at 1517.

As to the first prong, a corporate defendant "resides" only in its state of incorporation. *Id.* Because Cenergy is incorporated in Arkansas, this Court finds— and Plaintiff concedes—that Plaintiff cannot establish this first prong. *See* [23] ¶ 2; [35] at 2.

Instead. Plaintiff relies upon the second prong of Section 1400(b) in its attempt to demonstrate that venue is proper in this district. [35] at 2–4. Under this prong, there are three general requirements: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Plaintiff claims that Cenergy works exclusively with DVO, Inc., a Wisconsin corporation, which produces—through a machine called a digester—the fiber Cenergy uses in Magic-Dirt. [35] at 2–3. Based upon this relationship, Plaintiff speculates that a farm in Pearl City, Illinois (a city in this district) qualifies as Cenergy's place of business because that farm purchased a digester from DVO, and thus it may have produced the fiber Cenergy uses to make Magic-Dirt. *Id.* But even if this is true, Plaintiff establishes, at most, that Cenergy may have a business relationship with a *third party* that does business in this district. Indeed, there is no allegation or argument that Cenergy owns the Pearl City Farm, or that Cenergy conducts any business from that farm. Cenergy thus fails to show that the Pearl City Farm is "the place of the defendant" under *Cray*. 871 F.3d at 1360.

Further, the only case upon which Plaintiff relies to support this first theory is *American GNC Corporation v. ZTE Corporation*. In that case, a Texas district court held that venue was proper based upon the defendant's arms-length contractual relationship with a third party, pursuant to which defendant used the third party's call center located in that district. 2017 WL 5157700, at *1–2 (E.D. Tex. Nov. 7, 2017). Plaintiff failed to advise this Court, however, that the Federal Circuit vacated that decision on mandamus appeal, finding that the mere existence of that contractual

relationship was insufficient to establish a "regular and established place of business." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1015 (Fed. Cir. 2018). Therefore, *ZTE* undermines Plaintiff's position, and confirms that Plaintiff cannot establish venue under the second prong of Section 1400(b).

Finally, Plaintiff argues that even if it cannot establish venue under Section 1400(b), venue is nevertheless proper here due to the nature of Cenergy's relationship with the Walmart Defendants. [35] at 4–5. Specifically, Plaintiff points to a supply agreement between Cenergy and the Walmart Defendants that obligates Cenergy to indemnify the Walmart Defendants in patent infringement actions. [33] at 4. Based upon this indemnification obligation, Plaintiff reasons that Cenergy is an "intervenor" in this action, because Plaintiff could have only sued the Walmart Defendants directly (thus necessitating Cenergy's intervention in this case). [35] at 5. Plaintiff then cites to case law holding that intervenors cannot object to improper venue. *Id.* Plaintiff's position is baseless. Cenergy is not an intervenor here; rather, *Plaintiff itself* sued Cenergy directly. Moreover, Cenergy's contractual duty to indemnify a party for whom venue is proper in this district cannot mean that Cenergy is—simply by virtue of that contract—subject to suit in that same venue. Taking Plaintiff's argument to its logical end, every supplier that has a contractual obligation to indemnify its retailer would be subject to any venue in which the retailer has a regular or established place of business. This conclusion is contrary to Section 1400(b) and *TC Heartland*, 137 S.Ct. 1514.

Based upon the foregoing, this Court finds that venue is improper as to Cenergy. The Walmart Defendants have not contested venue in this district. Where venue is improper as to some defendants and proper as to others, this Court has a variety of options: it may (1) dismiss the entire action; (2) transfer the entire case to another district, provided venue is proper in that district for all Defendants; or (3) sever the claims, retaining jurisdiction only over those Defendants for whom venue is proper, and either transferring or dismissing the case as to those Defendants for whom venue is improper. *See, e.g.*, *Starr Indem. & Liab. Co. v. Luckey Logistics, Inc.*, No. 116CV01377JBMJEH, 2017 WL 2466505, at *6 (C.D. Ill. June 7, 2017); *Egan v. Duell*, No. 88 C 4388, 1989 WL 36206, at *5 (N.D. Ill. Apr. 13, 1989); *LaSalle Nat. Bank v. Arroyo Office Plaza, Ltd.*, No. 87 C 463, 1988 WL 23824, at *5 (N.D. Ill. Mar. 10, 1988).

This Court declines to sever this case, because all of Plaintiff's patent infringement claims arise out of the same products. *See* [23]. Additionally, a second, immaterially different action proceeding in another district would unnecessarily expend judicial resources and inconvenience witnesses. Likewise, this Court declines to dismiss this case, because doing so would force Plaintiff to refile this case in another district, therein wasting more judicial—as well as the parties'—resources.

Generally, the interests of justice weigh in favor of transfer, rather than

3

dismissal, provided there is an appropriate forum. *Builders Bank v. Ruvalcaba*, No. 14 C 1116, 2014 WL 3889067, at *2 (N.D. Ill. Aug. 8, 2014). This Court therefore exercises its discretion to transfer this case to a district court that may exercise jurisdiction over the controversy and where venue is proper.

Plaintiff argues that if this Court transfers the case, this Court should do so to the Eastern District of Arkansas. [35] at 5–6. In response to this Court's inquiry in open court, Defendants have likewise informed this Court that they agree that the Eastern District of Arkansas would be an appropriate venue for all Defendants in this case. Based upon the parties' representations, this Court hereby transfers this case to the Eastern District of Arkansas. Additionally, because this Court transfers this case, this Court does not reach the substantive merits of Defendants' motions to dismiss. This Court thus denies the remainder of Cenergy's motion to dismiss [26] without prejudice, and it denies the Walmart Defendants' motion to dismiss [25] without prejudice.

Dated: February 5, 2019

Entered:

John Robert Blakey
United States District Judge

4